UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ANTHONY SPICA, ) | |
| ) | |
|     Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV1280 JCH |
| ) | |
| ASBESTOS WORKERS OF ST. LOUIS ) | |
| LOCAL NO. 1 PENSION FUND, ) | |
| ) | |
|     Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Asbestos Workers of St. Louis Local No. 1 Pension Fund's Motion to Dismiss Plaintiff's First Amended Complaint, filed August 19, 2011. (ECF No. 18). The motion is fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff Joseph Anthony Spica is the duly appointed personal representative of the Estate of Mark Alan Spica ("Decedent"), and an heir-at-law of Decedent. (First Amended Complaint ("Complaint" or "Compl."), ¶ 4). During his lifetime, Decedent was a participant in Defendant Asbestos Workers of St. Louis Local No. 1 Pension Fund's retirement plan (the "Plan"). (Id., ¶ 6). Following Decedent's death on May 28, 2009, Defendant paid out the death benefits under the Plan, approximately $57,866.68, to one Kathleen Spica. (Id., ¶ 7). Defendant maintains it made such payment pursuant to the beneficiary designation on file. (Suggestions in Support of Defendant Asbestos Workers of St. Louis Local No. 1 Pension Fund's Motion to Dismiss ("Defendant's Memo in Support"), P. 2).

---

[1] The majority of the Court's background section is taken from Plaintiff's First Amended Complaint, to which Defendant has not yet filed an answer.

On June 20, 2011, Plaintiff filed a Petition for Discovery of Assets in the Probate Division of the Circuit Court of St. Charles County, Missouri. (Compl., ¶ 1). Defendant removed the Petition to this Court on July 22, 2011, on the basis of federal question jurisdiction. (ECF No. 1).[2] In his First Amended Complaint, filed August 9, 2011, Plaintiff claims the payment to Ms. Spica was wrongful, as the beneficiary designation pursuant to which it was rendered was "forged and fraudulent." (Compl., ¶ 7).[3] As noted above, Defendant filed the instant Motion to Dismiss on August 19, 2011, claiming Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies. (ECF Nos. 18, 19).

## DISCUSSION

ERISA allows a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Under Eighth Circuit law, however, a claimant must exhaust the administrative remedies required under the particular ERISA plan before filing suit in federal court. Angevine v. Anheuser-Busch Companies Pension Plan, 646 F.3d 1034, 1037 (8th Cir. 2011), citing Chorosevic v. MetLife Choices, 600 F.3d 934, 941 (8th Cir. 2010).

> This judicially created exhaustion requirement serves many important purposes, including "giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits." *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001).

---

[2] Specifically, Defendant asserts Plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (Notice of Removal, ¶ 5).

[3] Plaintiff further claims Defendant had actual knowledge of, or reason to know of said fraudulent beneficiary designation. (Compl., ¶ 8).

<u>Id.</u>  The Court excuses the exhaustion requirement only when there is no administrative remedy to pursue, or when pursuing the remedy would be futile.  <u>Id.</u>

In the instant case, the Plan at issue provides as follows:

> 11.4   All applications for benefits under this Plan, whether on account of retirement, disability, death or reimbursement of medical benefits, and all elections and designations made by Participants or Beneficiaries under this Plan shall be made in writing to the Trustees in the form and manner prescribed by the Trustees.
>
> 11.5   The Trustees shall have the right to require submission of all necessary information before any benefit is paid, including records of employment; proofs of date of birth, disability or death; and evidence of existence and marriage.  No benefit dependent in any way upon such information shall be payable unless and until the information so required has been furnished.  Upon receipt of such information, the Trustees shall determine the eligibility of the applicant for such benefit, and shall notify the applicant of their determination and the amount of any benefit payable.
>
> 11.6   No benefit payments will be made under the Plan until an application or claim is made therefor to the Trustees as provided by Section 11.4 and all information required by Section 11.5 has been submitted....
>
> 11.7   The Trustees shall provide adequate notice in writing to any Participant or Beneficiary whose claim for benefits under the Plan has been denied, setting forth the specific reasons of such denial.  The Participant or Beneficiary shall be given an opportunity for a full and fair review of the decision denying the claim.  The Participant or Beneficiary shall be given sixty (60) days....from the date of the receipt of the notice within which to request such review, in accordance with rules adopted by the Trustees and promulgated in accordance with applicable law and regulations.  Any decision of the Trustees following such a review shall be made within a period of sixty (60) days....following receipt of the request for review, unless special circumstances require an extension of time for processing, in which case a decision shall be rendered as soon as possible, but not later than one hundred twenty (120) days....after receipt of such request for review.

(Defendant's Memo in Support, Exh. 1, PP. 2-3).  The benefit plan at issue thus clearly provides for both initial review and an appeals procedure.

In his Complaint, Plaintiff concedes he did not file an application for benefits with Defendant.  (Compl., ¶ 11).  Plaintiff nonetheless maintains the instant claim for relief is not barred, because any

- 3 -

such application, including a subsequent appeal of its denial, would have been futile. (Id.). Specifically, Plaintiff asserts any application for benefits "would have been unarguably and unquestionably *futile*, in that defendant would not have agreed to, and indeed *could* not agree to, pay over to plaintiff the monies it had already wrongfully converted, and in conspiracy with her, paid over to Kathleen Spica." (Id.).

Upon consideration, the Court finds Plaintiff's allegations insufficient to demonstrate futility. "'The futility exception is narrow--the plan participant must show that it is certain that [his] claim will be denied on appeal, not merely that [he] doubts that an appeal will result in a different decision.'" Angevine, 646 F.3d at 1038, quoting Brown v. J.B. Hunt Transp. Serv., Inc., 586 F.3d 1079, 1085 (8th Cir. 2009) (internal quotation omitted). At the time he filed this lawsuit, Plaintiff admittedly had made no attempt to pursue an administrative remedy. (Compl., ¶ 11). His sole basis for alleging futility is his conclusory and unsubstantiated claim that because Defendant previously paid the benefit at issue to another, it lacked the capacity to honor Plaintiff's claim. (Id.). Even if Defendant's alleged previous disbursement "provides some indication of the position the Plan administrator would take if [Plaintiff] had pursued an administrative remedy, it does not show with certainty that the Plan administrator would have denied [Plaintiff's] claim....upon either initial review or appeal." Angevine, 646 F.3d at 1038.[4] The Court thus concludes that because the facts alleged in Plaintiff Complaint show neither futility nor the lack of an administrative remedy, Plaintiff is required to exhaust his administrative remedies under the Plan before bringing a civil action in federal court. Id. See also Chorosevic, 600 F.3d at 941 (internal quotations and citation omitted) (in the absence of futility,

---

[4] To the contrary, Defendant asserts that because the plan administrator is required to act in accordance with the documents and instruments of the Plan, it necessarily would render payment to Plaintiff and attempt to recover from Ms. Spica, should Plaintiff turn out to be the true beneficiary. (Defendant's Reply Brief in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, PP. 1-2).

"[w]here a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Asbestos Workers of St. Louis Local No. 1 Pension Fund's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18) is **GRANTED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this   6th   day of September, 2011.

/s/Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE